## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JULIE CROWLEY,

      **Plaintiff,**

            **v.**

ERIC HOLDER,

      **Defendant.**

Civil Action No.  11-1265 (JEB)

### MEMORANDUM OPINION

Plaintiff Julie Crowley is a disabled woman who was hired by the United States Marshals Service in July 2006 and terminated in June 2007.  She then brought the current action under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act for discrimination on the basis of her disability.  Defendant Eric Holder, Attorney General of the United States, contending that venue in this District is improper, now moves to dismiss the case or to have it transferred to the Eastern District of Virginia.  As Defendant is correct, the Court will grant the Motion and transfer the case.

**I.**      **Legal Standard**

When presented with a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)).  The Court need not, however, accept the plaintiff's legal conclusions as true, Darby, 231 F. Supp. 2d at 277, and may consider material outside of the pleadings. Artis v. Greenspan, 223 F. Supp. 2d

1

149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).  "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper."  Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3826, at 258 (2d ed. 1986 & Supp. 2006) ("[W]hen an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue.").  To prevail on a motion to dismiss for improper venue, however, "the defendant must present facts that will defeat the plaintiff's assertion of venue."  Khalil v. L-3 Commc'ns Titan Grp., 656 F. Supp. 2d 134, 135 (D.D.C. 2009).  Unless there are "pertinent factual disputes to resolve, a challenge to venue presents a pure question of law."  Williams v. GEICO Corp., 792 F. Supp. 58, 62 (D.D.C. 2011).

## II.    Analysis

Venue in Title VII cases is governed by statute.  In addition, "[t]he venue provisions of Title VII also apply to causes of action which are brought under the [Rehabilitation Act]."  Archuleta v. Sullivan, 725 F. Supp. 602, 604 (D.D.C. 1989) (citing 29 U.S.C. § 794(a)(1)).  A Title VII action may be properly brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ."  42 U.S.C. § 2000e-5(f)(3).  "[I]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."  Id.

Plaintiff does not dispute that she fails the first test.  See Opp. at 6 ("It is true that many of the discriminatory actions occurred at the United States Marshals Service headquarters, Arlington, Virginia.").  Instead, she argues that she satisfies the second and third tests.  As to the second, she argues that the "employment records and files relevant to the unlawful practice of the Defendant are now maintained and administered by the Department of Justice [in Washington]." Id. at 4.  She bases this allegation on a letter from DOJ's Complaint Adjudication Office in Washington, which states that the "record relating to your complaint was received in the Complaint Adjudication Office on April 15, 2011."  Id.  Such an argument is unavailing.

Defendant has submitted the Declaration of Darla Callaghan, Assistant Director for Human Resources of the USMS.  The "official custodian of all official personnel records concerning USMS employees," she avers that "[t]he official personnel records of [Plaintiff] have always been maintained at USMS headquarters," which "has been in Arlington, Virginia since 1988."  See Opp., Attach. 2 (Callagan Decl.) at 1.

Plaintiff nonetheless argues that the records are now in the District of Columbia, having been transferred there as a result of her complaint.   The fact that copies may have been sent to DOJ for use in addressing or processing her complaint does not confer venue, as many courts have held.  See Amirmokri v. Abraham, 217 F. Supp. 2d 88, 90-91 (D.D.C. 2002) ("While it may be true that records relating to plaintiff's unlawful employment practice complaint and the investigation thereof are maintained in the District of Columbia, such records are not 'employment records' within the meaning of the statute."); Lee v. England, No. 02-2521, 2004 WL 764441, at *1 (D.D.C. Mar. 9, 2004) ("Plaintiff's assertion that the 'administrative processing' of his case has been through the Human Resources Office at the Washington Navy Yard seeks to sidestep the language of the statute, which deals not with administrative processing

of the litigation but with the maintenance and administration of employment records relevant to the challenged employment practice."); <u>Saran v. Harvey</u>, No. 04-1847, 2005 WL 1106347, at *3 (D.D.C. May 9, 2005) ("Although she may have filed her EEOC complaint in Washington, her employment records are not considered 'maintained and administered' at the EEOC office for purposes of determining proper venue under 42 U.S.C. § 2000e-5(f)(3)."); <u>Ridgely v. Chao</u>, No. 05-1033, 2006 WL 626919, at *2 (D.D.C. Mar. 13, 2006) ("The law is clearly established that the maintenance and administration of such EEO records does not establish proper venue under 42 U.S.C. § 2000e-5(f)(3)."); <u>Washington v. General Elec. Corp.</u>, 686 F. Supp. 361, 363 (D.D.C. 1988) ("it is clear that Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, 'master' set of employment records is 'maintained and administered'").  The Court sees no basis to find otherwise here.

Plaintiff also offers a weak argument on the third test, contending that "[i]t is not out of the realm of possibility that the Plaintiff would have worked somewhere in the Washington metropolitan area other than Virginia if the discrimination had not occurred."  Opp. at 7.  This is far too speculative a claim, as its own wording acknowledges.  In any event, this venue provision is more applicable where someone applies for a job or a promotion in a particular district and is denied on the basis of discrimination.  That person thus <u>would have worked</u> there absent the discrimination.  In this case, the idea that an employee might someday wish to be transferred to Washington does not invoke the venue provision.

Finally, Plaintiff argues that DOJ has its principal office in Washington and Plaintiff was living here at the time of the discrimination.  <u>Id.</u> at 5.  While these facts may both be true, the latter is irrelevant under the venue statute, and the former comes into play only if Defendant could not be found in Virginia, which is not the case.

4

Case 1:11-cv-01265-JEB   Document 12   Filed 02/13/12   Page 5 of 5

When venue is improper, the Court must dismiss the claim or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962).  This is what the Court will do here.  In this case, the only jurisdiction in which Plaintiff's claim could have been brought is the Eastern District of Virginia, and that is where the case shall be transferred.

## III.    Conclusion

An Order accompanying this Memorandum Opinion will grant Defendant's Motion and transfer the case to the Eastern District of Virginia.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  Feb. 13, 2011